[Cite as *State v. Whitby*, 2012-Ohio-166.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96828

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REBECCA A. WHITBY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-526567

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert
1370 Ontario Street
Suite 600
Cleveland, Ohio   44113-1752


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113
FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Appellant, Rebecca Whitby, appeals her conviction for obstruction of justice. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶ 2} On August 28, 2009, appellant was named in a three-count indictment charging her with one count of obstruction of justice in violation of R.C. 2921.32 and two counts of assault on a peace officer in violation of R.C. 2903.13(C)(3).

{¶ 3} Appellant's jury trial commenced on January 31, 2011.  At the close of the state's case-in-chief and again at the close of the defense's case in chief, appellant moved for a directed verdict of acquittal on all counts.   The trial court denied each motion.   On February 7, 2011, the jury found appellant guilty of obstructing justice, however, she was found not

guilty on each count of assault on a peace officer. On March 8, 2011, appellant was sentenced to 60 days of community control.

{¶ 4} Appellant appeals, raising one assignment of error.

## Law and Analysis

{¶ 5} In her sole assignment of error, appellant argues that "the trial court erred in denying her motion for judgment of acquittal for obstructing justice in violation of R.C. 2921.31."

{¶ 6} A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *." *Id.*

{¶ 7} R.C. 2921.32 sets forth the offense of obstructing justice and states:

(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime * * * shall do any of the following:

* * *

(6) Prevent or obstruct any person, by means of force, intimidation, or deception, from performing any act to aid in the discovery, apprehension, or prosecution of the other person.

{¶ 8} Appellant specifically contends that the state failed to prove the element of "purpose" beyond a reasonable doubt. A person acts purposefully "when it is [her] specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is [her] specific intention to engage in conduct of that nature." R.C. 2901.22(A). Thus, the state was required to show that appellant had the specific intent to prevent her daughter's apprehension or prosecution.

{¶ 9} The charges in this case stem from an incident that occurred on April 25, 2009. On that date, appellant's husband, Tim Walker, called 911 and, with a sense of urgency, reported that his daughter, also named Rebecca Whitby ("daughter"), was drunk and "out of control." Cleveland police officers Mitchell Sheehan and James Bryant responded to the radio dispatch for an "intoxicated disturbance" at a residence on Alhambra in Cleveland. Upon their arrival, the officers were let inside the residence by Walker.

{¶ 10} At trial, Officer Sheehan testified that when he and Officer Bryant arrived at the residence, they heard appellant's daughter screaming from the upstairs bathroom. He and Officer Bryant went up the stairs to investigate the situation and discovered appellant holding her daughter back. The daughter had "foam coming out of her mouth, her eyes were real wide, and she was swearing and screaming." Officer Sheehan testified that the daughter cursed at and tried to attack Walker. When Officer Sheehan attempted to stop the daughter,

she tried to punch him , cursed at him, and spit in his eyes and nose. At that time, Officer Sheehan attempted to take the daughter to the ground to get her under control and handcuff her. The two fell to the floor. Officer Sheehan stated that the daughter was trying to hit him, she was biting his elbow and chest, she was spitting at him, and she began grabbing at his gun. As the altercation progressed, Officer Sheehan called out to Officer Bryant, who punched the daughter in the head and face to prevent her from taking Officer Sheehan's weapon. According to Officer Sheehan, the daughter then lunged at Officer Bryant's weapon, causing Officer Bryant to punch the daughter a second time.

{¶ 11} Officer Bryant's testimony was largely consistent with the testimony of Officer Sheehan's. He stated that he approached the upstairs bathroom, and appellant prevented him from entering the room to assist his partner in the restraint of the daughter. Officer Bryant testified that, "for a brief time the mother got in my way, sort of guarded me like back and forth like basketball or something." When he managed to get past appellant, he found Officer Sheehan struggling to restrain the daughter. According to Officer Bryant, "[the daughter] is repeatedly biting Officer Sheehan. He's telling her like 'stop biting me,' you know. And then within seconds, you know, she reached up with her right hand, grabbed a hold of his service weapon. He stated to me[,] 'hey, she's grabbing my gun[,]' at which time I hit her on the top of the head." Officer Bryant testified that, as he attempted to handcuff the

daughter, appellant grabbed him by the back of his kevlar vest and pulled him away. At that time, he pushed appellant away and told her, "listen, just let us do our jobs."

{¶ 12} Once the officers restrained the daughter, they attempted to remove her from the residence. Officer Bryant testified that as he and Officer Sheehan attempted to take the daughter down the stairs, appellant continued to push and pull against their backs. Eventually, appellant's pushing caused the officers and her daughter to fall down the stairs.

{¶ 13} Viewing the evidence most favorable to the prosecution, we find appellant's conviction for obstructing justice was supported by sufficient evidence. Although appellant challenges the credibility of the officers' testimony, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses because both functions are reserved for the trier of fact. *See State v. Willard*, 144 Ohio App.3d 767, 777-778, 761 N.E.2d 688 (10th Dist. 2001).

{¶ 14} Here, appellant's intent to purposely prevent the apprehension of her daughter was clear when she continuously pulled on the back of Officer Bryant's vest after she had previously blocked him from assisting Officer Sheehan in restraining her daughter. Moreover, appellant's intent to purposely hinder her daughter's arrest was further evidenced by the officers' testimony that appellant pushed them down the stairs as they attempted to remove her daughter from the residence. This conduct is sufficient to support a conviction of obstructing justice. *State v. Cooper*, 11th Dist. No. 2005-A-0025, 2006-Ohio-869, 2006 WL

456917, ¶ 24, citing *State v. Claybrook*, 57 Ohio App.2d 131, 133-134, 385 N.E.2d 1080 (10th Dist. 1978).

{¶ 15} Appellant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR